UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIE JAMES FLANDERS,

    Plaintiff,

v.                                                                          Case No.:   2:24-cv-931-SPC-KCD

COLETTE LARSEN and GILBERT NOE,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Willie James Flanders' Complaint (Doc. 1). Flanders is a prisoner of the Florida Department of Corrections, and he sues two officials under 42 U.S.C. § 1983.  United States Magistrate Judge Kyle Dudek granted Flanders leave to proceed *in forma pauperis*, so the Court must review the Complaint *sua sponte* to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary damages against a party who is immune from such relief.  See 28 U.S.C. 1915(e)(2).

To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998)).  In addition, a plaintiff must allege and establish an

affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

Before he was incarcerated, Flanders had surgery on his left eye after it was hit with a rock. When Flanders first went to prison, he reported his eye damage, and a doctor prescribed eye drops. Flanders claims the drops gave him glaucoma and vision loss in both eyes. After a vision assessment on May 13, 2024, Dr. Larsen recommended referral to an ophthalmologist for further evaluation and possible surgery. Dr. Noe ordered the referral, and it was received by the scheduling department on May 16, 2024. Flanders had not yet seen an ophthalmologist when he filed his Complaint on October 2, 2024. Flanders accuses Larsen of medical negligence for prescribing eye drops, and he accuses Noe of delaying his treatment in violation of the Eighth Amendment.

In *Estelle v. Gamble*, the Supreme Court established that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." 429 U.S. 97, 104 (1976). But not every claim of inadequate medical treatment gives rise to an Eighth Amendment violation. *Id.* at 105. Negligence in diagnosis or treatment—even if it constitutes medical malpractice—does not necessarily violate the constitution. *Id.* at 106.

"To prevail on a claim of deliberate indifference to serious medical need in violation of the [Eighth] Amendment, a plaintiff must show: '(1) a serious medical need; (2) the defendant['s] deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury.'" *Youmans v. Gagnon*, 626 F.3d 557, 563 (11th Cir. 2010) (quoting *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009)).

Flanders' Complaint does not state a plausible § 1983 claim. Flanders does not purport to state a deliberate indifference claim against Larsen. Rather, he correctly characterizes it as a claim of medical negligence. As such, the proper forum is Florida state court, *see Estelle*, 429 U.S. at 107, and the claim is subject to Florida's presuit investigation and notice requirements, *see* Fla. Stat. §§ 766.106, 766.203. Nor does Flanders state a plausible claim against Noe. An official can act with deliberate indifference by delaying treatment of a serious medical need. *See Ireland v. Prummell*, 53 F.4th 1274, 1288 (11th Cir. 2022). But Flanders has not alleged any facts suggesting Noe caused a delay in treatment. According to the medical records attached to Flanders' Complaint, Noe ordered a referral to an ophthalmologist the day after Larsen recommended it, and the scheduling department received the order two days later.

Flanders' Complaint does not state a claim for relief under § 1983. The Court will dismiss the Complaint without prejudice and give Flanders an

3

opportunity to amend. To survive preliminary review, an amended complaint must plausibly allege that a defendant was deliberately indifferent to Flanders' vision problems.

Accordingly, it is **ORDERED;**

Plaintiff Willie James Flanders' Complaint (Doc. 1) is **DISMISSED without prejudice.** Flanders may file an amended complaint within **21 days** of this Opinion and Order. **Otherwise, the Court will enter judgment and close this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on October 15, 2024.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

4