UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIE JAMES FLANDERS,

    Plaintiff,

v.    Case No.:  2:24-cv-931-SPC-KCD

COLETTE LARSEN and GILBERT NOE,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Willie James Flanders' Amended Complaint (Doc. 10).  Flanders is a prisoner of the Florida Department of Corrections, and he sues two officials under 42 U.S.C. § 1983.  The Court dismissed Flanders' initial complaint under 28 U.S.C. 1915(e)(2) for failure to state a claim.

Flanders' claims stem from medical treatment he received for a preexisting eye injury.  In his original complaint, Flanders alleged Colette Larsen prescribed eye drops that made his vision worse, and he accused Gilbert Noe of delaying a referral to an ophthalmologist.  The Court explained why Flanders' initial pleading was deficient:

> Flanders' Complaint does not state a plausible § 1983 claim. Flanders does not purport to state a deliberate indifference claim against Larsen. Rather, he correctly characterizes it as a claim of medical negligence. As such, the proper forum is Florida state court, *see Estelle*, 429 U.S. at 107, and the claim is subject to

> Florida's presuit investigation and notice requirements, *see* Fla. Stat. §§ 766.106, 766.203.  Nor does Flanders state a plausible claim against Noe.  An official can act with deliberate indifference by delaying treatment of a serious medical need.  *See Ireland v. Prummell*, 53 F.4th 1274, 1288 (11th Cir. 2022).  But Flanders has not alleged any facts suggesting Noe caused a delay in treatment.  According to the medical records attached to Flanders' Complaint, Noe ordered a referral to an ophthalmologist the day after Larsen recommended it, and the scheduling department received the order two days later.

(Doc. 7 at 3).  The Court gave Flanders leave to amend and cautioned that to survive preliminary review, "an amended complaint must plausibly allege that a defendant was deliberately indifferent to Flanders' vision problems." (*Id.* at 3-4).

Flanders's Amended Complaint does not state any factual allegations against the defendants.  Instead, Flanders recites the elements of a deliberate-indifference claim and makes the conclusory allegation that the defendants sadistically and maliciously ignored his eye condition.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not enough to state a claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  What is more, medical records attached to Flanders' original complaint refute his claim that the defendants ignored his condition—Larsen provided treatment and recommended referral to an ophthalmologist, and Noe promptly ordered the referral.  The Amended Complaint does not state a plausible claim.

Accordingly, it is **ORDERED;**

Plaintiff Willie James Flanders' Amended Complaint (Doc. 10) is **DISMISSED without prejudice for failure to state a claim.** The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on November 15, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

3